UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SONIA I. ALESSI, : | |
|      Plaintiff, : | |
| : | |
| v. : | 3:11-cv-2 (WWE) |
| : | |
| WORLD FINANCIAL NETWORK : | |
| NATIONAL BANK, : | |
|      Defendant. : | |

## RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Sonia I. Alessi, pro se, brings this action alleging violations of the federal Fair Credit Reporting Act, Fair Debt Collection Practices Act, and the Privacy Act by defendant World Financial Network National Bank.  Now pending is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff has not filed a response despite notice that defendant's motion may be granted if no opposition is filed.  Absent objection and upon review of the merits, the Court will grant the motion to dismiss.

## DISCUSSION

The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).   However, the plaintiff must provide the grounds upon which the claim rests

through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Pleadings filed by pro se plaintiffs are held to less stringent standards than those drafted by lawyers, but all litigants must comply with the Federal Rules of Civil Procedure.  Vitale v. First Fidelity Leasing Group, Inc., 187 F.R.D. 445, 448 (D. Conn. 1999).

Defendant argues that the complaint fails to state a claim because it is lacking factual allegations to support the asserted offenses.  The Court agrees that the complaint states only that defendant committed the alleged violations without providing defendant notice of its alleged wrongful conduct.

To the extent that she pleads that defendant made misrepresentations that resulted in violation of her rights protected under the Fair Debt Collection Practices Act, plaintiff was obliged to plead such assertion of fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b).  Tatum v. Oberg, 650 F. Supp. 2d 185 (D. Conn. 2009) (allegations that defendant made false statements of fact must be pleaded with particularity).  A party pleading such fraud must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.  Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004).  Plaintiff's conclusory allegations do not satisfy this standard.

Finally, plaintiff cannot state a claim that defendant violated the Privacy Act.  According to its plain language, the Privacy Act applies to federal agencies and does

not create a cause of action against individuals or private businesses.  Sloan v. Trans Union, LLC, 2010 WL 2805278, *3 (E.D. Mich. 2010).

Finally, plaintiff's request for injunctive relief will also be dismissed.  According to district courts within the Second Circuit, neither the Fair Debt Collection Practices Act nor the Fair Credit Reporting Act afford private individuals with a cause of action for injunctive relief.  Petrolito v. Arrow Financial Servs., LLC, 221 F.R.D. 303, 312 (D. Conn. 2004) (violations of the Fair Debt Collection Practices Act cannot serve as basis for injunctive relief); Okocha v. HSBC Bank USA, N.A., 700 F. Supp. 2d 369, 374 (S.D.N.Y. 2010) (no injunctive relief for private individuals under Fair Credit Reporting Act).

Accordingly, the motion to dismiss will be granted.  However, plaintiff will be allowed to replead her complaint to allege cognizable claims of violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #10).  The claims of violation of the Privacy Act and the request for injunctive relief are dismissed with prejudice.

Within thirty days of this ruling's filing date, plaintif may file an amended complaint that realleges the factual basis for her claims of violation of the Fair Debt

Collection Practices Act and the Fair Credit Reporting Act.  If plaintiff does not file an amended complaint within thirty days, the Court will close this case.

Dated at Bridgeport, Connecticut, this __6th__ day of September, 2011.


　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　Warren W. Eginton
　　　　　　　　　　　　　　　　　　Senior United States District Judge